IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JUNG BEA HAN,
        Appellant/Debtor,

vs.                              Case No. 3:05cv404/RV/MD

GE CAPITAL SMALL BUSINESS
FINANCE CORPORATION,
        Appellee.
_____

## REPORT AND RECOMMENDATION

This cause comes before the court on appeal from the United States Bankruptcy Court for the Northern District of Florida, Pensacola Division ("Bankruptcy Court"), Bankruptcy Case No. 00-42086, Adversary Case No. 05-3012. (Doc. 1). The filing fee has been paid. (Doc. 5). Appellee GE Capital Small Business Finance Corporation ("GE") has filed a motion to dismiss the appeal as untimely. (Doc. 4). Appellant Han has responded in opposition, (doc. 6), and the parties have filed additional reply and responsive memoranda (docs. 8 & 9). After careful consideration, it is the opinion of the undersigned that the appeal is untimely and should be dismissed for lack of jurisdiction.

## BACKGROUND AND PROCEDURAL HISTORY

On March 15, 2005 this court referred an amended complaint filed by Appellant Han in the case of *Han v. GE Small Business Finance Corp.*, Case Number 3:04cv127/MCR/EMT, to the Bankruptcy Court for resolution of issues related to GE's alleged violations of the automatic stay provisions of 11 U.S.C. § 362(h). (Doc. 4, ex. A at docket entries 1 & 2). The Bankruptcy Court assigned the matter Adversary Case Number 05-3012. On September 26, 2005 the Bankruptcy Court entered a final "Order and Judgment Granting in Part and Denying in Part the Supplemental Motion

for Summary Judgment Filed by GE Capital Small Business Finance Corporation." (*See* Doc. 1, Attach. 2).  Appellant Han filed a Notice of Appeal of the order and judgment on October 12, 2005.  (*Id.*, Attachs. 5 & 6).  He filed a Supplemental Notice of Appeal on October 19, 2005.  (*Id.*, Attach. 3).

## DISCUSSION

Title 28 United States Code § 158(c) provides that an appeal from a final judgment of the bankruptcy judge shall be taken in the time provided by Rule 8002 of the Federal rules of Bankruptcy Procedure.  This Rule provides: "The Notice of Appeal shall be filed with the Clerk within 10 days of the date of entry of the judgment, order, or decree appealed from."  Bankr.R. 8002(a).  The Bankruptcy Rules further provide the method for computation of any period of time allowed by the Rules. Bankruptcy Rule 9006(a) states that the day of the event on which the period of time in question begins to run shall not be included in the computation, but that the last day of the period shall be included.  Compliance with the ten-day filing rule is a jurisdictional requirement, and the district court lacks jurisdiction of an appeal which is not timely filed.  *Williams v. EMC Mortgage Corp.* (*In re Williams*) 216 F.3d 1295, 1297 (11th Cir. 2000); *Advanced Estimating System, Inc. v. Riney*, 77 F.3d 1322, 1323 (11th Cir. 1996) ("The Supreme Court has emphasized that the timely filing of a notice of appeal is mandatory and jurisdictional.  If the notice is not timely filed, the appellate court is without jurisdiction to hear the appeal.").

The record establishes, and the parties do not dispute, that the order and judgment which is the subject of this appeal was entered on the docket on September 26, 2005.  Counting September 27, 2005 as the first day of the 10-day appeal period, Appellant Han had until October 6, 2005 to file his notice of appeal. His notice was not filed until October 12, 2005.  Appellant Han did not seek to extend the time frame to file an appeal.

Appellant Han argues that his Notice of Appeal is timely and that the final day of the ten-day period following September 26, 2005 is October 13, 2005, not October

6, 2005, because:  (1) under Fed.R.Civ.P. 6(e),[1] he had an extra three days to file his notice of appeal because he received his copy of the order by mail, and (2) under Fed.R.Civ.P. 6(a),[2] weekend days did not count in the 10-day computation.  (Doc. 6, pp. 1-2).  The Eleventh Circuit has rejected both of these arguments.

In *Williams*, *supra*, the appellant appealed from a bankruptcy order entered on May 21, 1999.  The appellant filed his notice of appeal on June 7, 1999, seventeen days later.  He argued that under Bankruptcy Rule 9006(f), he had an extra three days to file his notice of appeal because he received his copy of the order by mail.  Federal Rule of Bankruptcy Procedure 9006(f), which is substantially the same as the rule of civil procedure upon which Appellant Han relies, provides: "When there is a right or requirement to do some act or undertake some proceedings within a prescribed period after service of a notice or other paper and the notice or paper other than process is served by mail or under Rule 5(b)(2)(C) or (D) F.R.Civ.P., three days shall be added to the prescribed period."  The Eleventh Circuit rejected the appellant's contention, explaining:  "By its terms, Rule 9006(f) applies when a time period begins to run <u>after service of a notice or other paper</u>.  The ten day period of Rule 8002(a) begins to run upon the <u>entry</u> of the order, not its service."  *Williams*, 216 F.3d at 1297 n.3 (emphasis added) (internal quotation marks omitted).  Thus, neither Fed.R.Civ.P. 6(e) nor Bankr.R. 9006(f) entitled Appellant Han to an additional three days to file his notice of appeal.

The appellant in *Williams* also argued, like Appellant Han does here, that weekend days did not count in the 10-day computation.  The Eleventh Circuit rejected that contention as well, stating:

> **Federal Rule of Bankruptcy Procedure 9006(a) provides that when the period of time prescribed or allowed is less than eight days,**

---

[1] Federal Rule of Civil Procedure 6(e) provides:  "Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon the party and the notice or paper is served upon the party under Rule 5(b)(2)(B), (C), or (D), 3 days shall be added to the prescribed period."

[2] Federal Rule of Civil Procedure 6(a) provides, in relevant part:  "When the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation."

intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation. Rule 8002(a) prescribes a 10-day period in which a party may appeal; thus, weekend days are not excluded from the computation. Federal Rule of Civil Procedure 6, providing that weekend days are not counted when the period of time prescribed is less than 11 days, does not apply.

*Id*. Based on the foregoing, neither Fed.R.Civ.P. 6(a) nor Bankr.R. 9006(a) entitled Appellant Han to an exclusion of weekend days from the 10-day computation.

## CONCLUSION

Appellant Han's notice of appeal was not timely filed. Therefore, this court is without jurisdiction to hear the appeal.

Accordingly, it is respectfully recommended:

1. That Appellee GE Capital Small Business Finance Corporation's motion to dismiss (doc. 4) be GRANTED and this appeal be DISMISSED with prejudice.

2. That the clerk be directed to close the file.

At Pensacola, Florida, this 18th day of November, 2005.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).